NO. 07-03-0357-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



AUGUST 26, 2004



______________________________




NAVIN PATEL AND SEJAL PATEL, APPELLANTS



V.



BIPIN PATEL AND MINAXI PATEL, APPELLEES




_________________________________



FROM THE 159TH DISTRICT COURT OF ANGELINA COUNTY;



NO. 33,117-00-5; HONORABLE PAUL E. WHITE, JUDGE



_______________________________






Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

ORDER ON MOTION FOR REHEARING


 By order dated July 7, 2004, this Court abated this appeal and remanded the cause
to the trial court with directions to file findings of fact and conclusions of law. Pending
before this Court is appellees' motion for rehearing by which they request that we correct
our July 7 abatement order and affirm the trial court's judgment. We grant the motion in
part and overrule in part. We now withdraw our order abating the appeal and remanding
the cause to the trial court and reinstate the appeal with these additional comments.

 Following a bench trial, on May 19, 2003, the trial court signed its judgment in favor
of appellees. On May 30, 2003, appellants, pursuant to Rule 296 of the Texas Rules of
Civil Procedure, filed a timely request for findings of fact and conclusions of law. Following
the trial court's inaction, a notice of past due findings was filed on July 2, 2003. See Tex.
R. Civ. P. 297. 

 Upon submission of the appeal to this Court, by their first issue, appellants
complained of the trial court's failure to make and file findings of fact and conclusions of
law. Appellees responded that although appellants were not harmed by the lack of findings
and conclusions, "the proper remedy for the Court is to abate the appeal and order the
Trial Court to make the appropriate findings and conclusions . . . ."

 By their motion for rehearing, appellees now assert that appellants' notice of past
due findings was not timely and thus, fatal to the appeal. Without passing on the merits
of the appeal at this time, we do, however, agree that the notice of past due findings was
due to be filed no later than 30 days after the first request or June 30, 2003. (1) The July 2
filing was untimely and thus, appellants are not entitled to have the trial court make and file
findings of fact and conclusions of law. 

 Appellees have also filed a motion in which they request that they be permitted to
supplement their brief to allege that appellants have waived their claim for findings and
conclusions due to the untimeliness of the past due notice. Given our disposition of the
motion for rehearing, we overrule appellees' request for supplemental briefing. See Tex.
R. App. P. 38.7. Further, we exercise our discretion under Rule 38.7 and direct that no
further amendment or supplementation of any briefs will be permitted.

 Accordingly, we grant that portion of appellees' motion for rehearing requesting we
withdraw our July 7, 2004 order and in all other respects overrule the motion.

 It is so ordered. 

 Per Curiam

 







1. The deadline fell on Sunday, June 29, 2003; thus, the deadline was extended to
Monday, June 30. See Tex. R. Civ. P. 4.